**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1743

NERMINE MORCOS,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-381-113)

Submitted: January 9, 2006          Decided: February 15, 2006

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

David A. Barnett, FRENKEL, HERSHKOWITZ & SHAFRAN, L.L.P., New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, Jeffrey J. Bernstein, Senior Litigation Counsel, Scott A. Chutka, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nermine Morcos, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's decision denying her application for asylum, withholding from removal and protection under the Convention Against Torture.[*] We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant has the burden of demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings, relevant to the subjective component, are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We accord broad, though not unlimited, deference to credibility findings

---

[*]Morcos does not challenge the denial of withholding from removal or relief under the Convention Against Torture.

supported by substantial evidence.  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

A determination regarding eligibility for asylum is conclusive if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2000).  We will reverse the Board "only if 'the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'"  Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio, 979 F.2d at 999 (internal quotation marks omitted)).  We find the evidence was not so compelling as to warrant reversal.

With respect to Morcos' motion to remand, we find the Board did not abuse its discretion in denying the motion. Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED